[Crim. Nos. 973, 974.   Fourth Dist.   Nov. 18, 1954.]

THE PEOPLE, Respondent, v. JEROME H. SMITH, Appellant.

(Two Cases.)

Jerome H. Smith, in pro. per., and Vernon R. Hamilton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—These two actions, consolidated for trial and on appeal, show that defendant was charged in one amended information (Cr. 9595) with five counts of violating section 470 of the Penal Code (forgery), that he had been previously convicted of attempted robbery in the first degree, and had served a term therefor in the state's prison.   The second information (Cr. 9611) charges two additional counts under the same section.   Defendant was represented by counsel appointed by the trial court and defendant entered a plea of not guilty to each count.   He admitted the prior conviction

of a felony. A trial by jury resulted in a verdict of guilty on each count in both cases. After denying defendant's motion for new trial he was sentenced to state's prison thereon, sentences to run concurrently on each count. Defendant, in propria persona, filed a notice of appeal in each case.

The record reveals that as to the several forged checks involved, the defendant, in all instances except one, was positively identified by each witness as the person who presented the check, and several of them saw the defendant sign his name in endorsing them. There was testimony of a handwriting expert that the endorsements were in the handwriting of the defendant. The checks were all returned as forgeries by the banks upon which they were drawn, and testimony was received that the checks were not payroll checks of the company represented on said checks. Defendant, at the trial, denied the forgeries and attempted to establish an alibi.

Upon defendant's application for the appointment of an attorney to represent him on appeal, the same counsel was appointed by this court. He accepted the appointment and after a fair reexamination of the testimony and evidence, reported that all witnesses were called who had cashed the checks for the defendant and all, with the exception of one, were positive in their identification of the defendant as the party who had presented the checks to them, and that the parties on whom they were drawn testified they were forgeries; that a deputy sheriff testified that defendant attempted to escape while in custody awaiting trial and that defendant appeared as the only witness in denial of the testimony of these witnesses and in support of his claimed alibi; that in his opinion there was no substantial question of law which he could legitimately raise on this appeal; that the sole question involved was one of fact which was decided against the defendant by the verdict of the jury, and that the rulings of the trial court were fair and proper throughout the trial.

From an examination of the evidence before us on appeal, the conclusion reached by counsel for defendant is shared by this court. The evidence of defendant's guilt was overwhelming, and was sufficiently established as to all counts. No error appears in any respect.

The judgments and orders denying a new trial are affirmed.

Barnard, P. J., and Mussell, J., concurred.